# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CRIMINAL DOCKET NO.: 3:02CR150

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RONITA MICHELLE JONES (2), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's "Brief for Consideration of Sentence Reduction by Person in Federal Custody," filed May 3, 2005, and "Motion to Vacate and Resentence," filed August 22, 2005.

On May 7, 2002, Defendant Ronita Michelle Jones ("Defendant") was indicted for conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846 (Count One). Defendant was further indicted for importing five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952, 960 (Count Two). On May 21, 2003, a jury returned a verdict of guilty on both Counts. Defendant was sentenced on March 9, 2004 to seventy-eight months imprisonment on each Count, to run concurrently. On March 12, 2004, Defendant filed a Notice of Appeal. Judgment on the Court's sentence was entered on April 1, 2004. On December 6, 2004, the United States Court of Appeal for the Fourth Circuit affirmed the judgment against Defendant and the mandate issued on December 28, 2004. Defendant did not file a Motion pursuant to Section 2255.

Defendant now advises the Court that her attorney provided ineffective assistance during

his representation and further asks the Court to reduce her sentence pursuant to the decision rendered in *United States v. Booker*, 125 S. Ct. 738 (2005).[1]

Since Defendant has already been sentenced in this matter, she is bringing a collateral attack on her sentence, arguing that she is entitled to a modification of her sentence as a result of the *Booker* decision and due to her attorney's ineffective assistance. A review of Defendant's filings reveals that her Motions are most properly construed as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. As set forth within *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), the Court is generally required to notify a defendant if it intends to recharacterize a motion as a Section 2255 petition. *Emmanuel*, 288 F.3d at 649. In addition, the Court must provide a defendant with an opportunity to respond, supplement her motion, and explain the relevant law. *Id.* Therefore, this Court will provide Defendant with thirty (30) days in which to notify the Court as to whether she wants the current Motions construed as one Section 2255 Motion.

Defendant is advised that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act, which amended Section 2255 to add a one-year limitation period. In relevant part, Section 2255 now provides that "[t]he limitation period shall run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which impediment to making a motion created by governmental action in violation of the United States Constitution or the

---

[1]In the May 3, 2005 Motion, which Defendant filed *pro se*, Defendant argues that her sentence should be reduced due to ineffective assistance of counsel and pursuant to *Booker*. In the August 22, 2005 Motion, filed by Defendant's attorney, the only issue before the Court is whether it should vacate and resentence Defendant pursuant to *Booker*. Since both Motions request a reduction pursuant to the *Booker* decision, the Court will treat them as one Motion should Defendant choose to have the Court construe these Motions pursuant to Section 2255.

laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Defendant is further advised that as of the time of this writing, at least, the dictates of the *Booker* case have not been declared to be retroactive for purposes of application in the Section 2255 context.

**IT IS, THEREFORE, ORDERED** that the Court **DEFERS RULING** on Defendant's "Brief for Consideration of Sentence Reduction by Person in Federal Custody" and "Motion to Vacate and Resentence."

**Defendant is notified that she has until September 30, 2005 to notify the Court as to whether she wants these current Motions construed pursuant to Section 2255**. If Defendant does not so notify the Court, the Court will construe Defendant's "Brief for Consideration of Sentence Reduction by Person in Federal Custody" and "Motion to Vacate and Resentence" as one Section 2255 Motion and render an Order accordingly.

The Clerk is directed to send copies of this Order to Defendant, Defendant's attorney, and the United States Attorney.

**Signed: August 31, 2005**

Richard L. Voorhees
United States District Judge