UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV462-3-V
(3:02CR150-2-V)

| | |
|---|---|
| RONITA MICHELLE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255. On May 3, 2005 Petitioner filed a "Brief for Consideration of Sentence Reduction ..." (Document No. 164, 3:02cr150), and on August 22, 2005 Petitioner filed a "Motion to Vacate and Resentence" (Document No. 169, 3:02cr150). By Order dated August 31, 2005, this Court advised Petitioner that the claims contained in the above motions constituted a collateral attack on her sentence and as such were most properly construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) the Court provided Petitioner with thirty days in which to notify the Court as to whether she would like the above motions to be construed as one Section 2255 Motion. On September 20, 2005, within the time prescribed by this Court, Petitioner wrote the Court and advised that she would like the Court to construe the above two motions as one Section 2255 Motion. Therefore, the Court will consider the above two motions filed on May 3 and August 22, 2005, respectively, as one Section 2255 Motion. For the reasons stated in this Order, Petitioner's

1

Motion to Vacate is Denied and Dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2002, Petitioner was indicted for conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846. Petitioner was further indicted for importing five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952, 960. On May 21, 2003, a jury returned a verdict of guilty on both Counts of the Indictment. Petitioner was sentenced on March 12, 2004 to seventy-eight months imprisonment on each Count, to run concurrently. On March 12, 2004, Defendant filed a Notice of Appeal. Judgment on the Court's sentence was entered on April 1, 2004. On December 6, 2004, the United States Court of Appeal for the Fourth Circuit affirmed the judgment against Petitioner and the mandate issued on December 28, 2004.

Petitioner filed the instant motions on May 3, 2005 and August 22, 2005. The Court consolidated the above two motions into one Section 2255 Motion with the Petitioner's consent.

## II. ANALYSIS

### A. Petitioner Has Failed to State a Claim for Ineffective Assistance of Counsel

In the May 3, 2005 Motion, Petitioner asserts that her trial counsel was ineffective because she asked her counsel to subpoena a witness on her behalf and he advised her that the witness was going to be a government witness. Later when she and her attorney learned that the witness was not a government witness, Petitioner's attorney requested that the witness be called, but that request was denied by the Court. Petitioner explained that this witness would have been a key witness as she would have "cleared the [Petitioner] of what she was charged with, and what role the [Petitioner] played in the indictment." (May 3, 2005 Motion at 3.) While Petitioner does not reveal the name of

this witness, she stated that the witness was one of the persons named in the Indictment and is now serving time at the Alderson Camp.

Petitioner's contention that she received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that she was prejudiced thereby, and that there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 856 (1995). Furthermore, a presumption exists that counsel is competent and a defendant seeking post-conviction relief bears a heavy burden to overcome this presumption and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Petitioner bears the burden of proving Strickland prejudice. Fields 956 F.2d at 1297. If petitioner fails to meet this burden, a "reviewing court need not consider the performance prong. Id. at 1290.

First, Petitioner claims that her attorney was ineffective because Petitioner requested that a witness be called on her behalf and her attorney did not subpoena the witness because she was a government witness. However, when her attorney determined that the witness would not be called by the government the attorney requested that the Court allow her to be called as a witness. The Court denied that request. If Petitioner were arguing that her attorney never attempted to have this witness called, she might have a claim. However, Petitioner does not argue that her attorney's

3

delayed request to bring this witness forward to testify was the reason the Court denied her attorney's request. Moreover, Petitioner cannot establish that her attorney's conduct fell below an objective standard of reasonableness. While Petitioner's attorney did not subpoena the witness when Petitioner asked him to do so, he did request that the Court allow him to call that witness when he learned that the government would not be calling the witness.

Next, even if this Court were to assume that Petitioner's attorney was deficient for failing to subpoena the witness when Petitioner requested that he do so, Petitioner has not established the prejudice prong of the Strickland test in that she has not established that she was prejudiced by his delayed request or that the result of the proceeding would have been different had this witness testified.[1]

Next, Petitioner argues that her counsel was ineffective because he advised her that she need not be present at the preliminary hearing and now she has come "to find out that it was very important for her to in fact be there." (May 3, 2005 Motion at 3.) Petitioner has not established that her counsel's advising her not to be present at the preliminary hearing fell below an objective standard of reasonableness. Nor has she established that such advice prejudiced her by showing that her presence would have altered the result of the proceeding.

Petitioner has not established either prong of the Strickland test for her ineffective assistance of counsel claims. Therefore, Petitioner's ineffective assistance of counsel claims are denied.

---

[1] Petitioner did state in a conclusory fashion that this witness would have "cleared the [petitioner] of what she was charged with, and what role the [petitioner] played in the indictment." (May 3, 2005 Motion at 3.) However, conclusory allegations do not overcome the presumption that counsel is competent. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983).

4

**2. Petitioner's Booker Claim Is Not Cognizable on Collateral Review**

In the May 3, 2005 Motion and again in the August 22, 2005 Motion, Petitioner claims that she should be resentenced pursuant to United States v. Booker, 125 S. Ct, 738 (2005). This claim is denied.

Petitioner is correct that the Booker case constitutes an intervening change in the law, however, as explained below, the Booker, case was decided on January 12, 2005, long after Petitioner was sentenced, and the Supreme Court has not indicated that it can be retroactively applied to cases pending on collateral review.

The Court notes that it is aware of the recent pronouncements in Blakely[2] and Booker/Fanfan. However, the Fourth Circuit Court of Appeals has concluded that Apprendi,[3] the case from which the Blakely ruling is derived, cannot be retroactively applied in cases such as this. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Furthermore, the Fourth Circuit has recently held that the rule stated in Booker is not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) Moreover, neither the Fourth Circuit nor the United States Supreme Court yet has indicated that Blakely can be retroactively applied on collateral review. Thus, in light of Sanders, it is likely that Blakely also will not be deemed to be retroactively applicable in collateral review contexts. Therefore, since the sentencing claims to which the petitioner has alluded would not be cognizable in these proceedings, the Court will deny this claim.

Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED**; Petitioner's "Motion to Vacate and Resentence" (Document No. 169, 3:02cr150),

---

[2] Blakely v. Washington, 542 U.S. 296 (2004).

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000).

is **DENIED** and Petitioner "Brief for Consideration of Sentence Reduction" (Document No. 164. 3:02cr150), is **DENIED**.

**SO ORDERED.**

Signed: January 31, 2006

Richard L. Voorhees
Chief United States District Judge